UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN ENTO, | No. 2:13-cv-2107 KJN P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY, et al., | |
| Defendants. | |

Plaintiff is presently housed in the Sacramento County Jail, and is proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This action was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

On October 25, 2013, plaintiff was ordered to provide, within thirty days, a completed application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and a certified trust account statement. On December 4, 2013, plaintiff was ordered to show cause why this case should not be dismissed based on plaintiff's failure to timely comply with the order. However, on December 4, 2013, plaintiff's motion to proceed in forma pauperis, which was received by the court on December 3, 2013, was entered on the court's docket. Plaintiff provided a completed application, as well as a certified trust account statement. Therefore, the December 4, 2013 order to show cause is vacated.

1    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.
2 § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.
3    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.
4 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing
5 fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will
6 direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account
7 and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly
8 payments of twenty percent of the preceding month's income credited to plaintiff's trust account.
9 These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
10 the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
11 § 1915(b)(2).

12    The court is required to screen complaints brought by prisoners seeking relief against a
13 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
14 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
15 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
16 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

17    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
18 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
19 Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an
20 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
21 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
22 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
23 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
24 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
25 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
26 1227.

27    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
28 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

2

1  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
2  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
3  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
4  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
5  sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.
6  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
7  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.
8  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
9  quotations marks omitted). In reviewing a complaint under this standard, the court must accept as
10 true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
11 pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236
12 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).
13         Plaintiff claims that "the County of Sacramento has tried repeatedly to assassinate and
14 murder members of this family through government entit[ies], force and secure facilities." (ECF
15 No. 1 at 3.) Plaintiff does not specifically identify "this family."
16         Plaintiff lacks standing to pursue claims on behalf of other individuals. The rights
17 protected by the Constitution are personal rights and only the person subject to the violation has
18 standing to bring suit. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 & n.1 (1992)
19 (holding that an "injury in fact" "must affect the plaintiff in a personal and individual way"). To
20 the extent plaintiff alleges that his own family members suffered an alleged constitutional
21 violation, each family member must pursue his or her own civil rights action. Plaintiff may not
22 do so on their behalf.
23         In an abundance of caution, plaintiff is granted leave to file an amended complaint in the
24 event he has personally sustained a constitutional violation. If plaintiff chooses to amend the
25 complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a
26 deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also,
27 the complaint must allege in specific terms how each named defendant is involved. Id. There can
28 be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 129 S. Ct. at 1949 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. The December 4, 2013 order to show cause (ECF No. 7) is vacated.

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

4. Plaintiff's complaint is dismissed.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in the dismissal of this action.

Dated: December 12, 2013

/ento2107.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN ENTO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>　　　　Defendants. | No.  2:13-cv-2107 KJN P<br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　_____    Amended Complaint

DATED


　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Plaintiff