1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     CHRISTIAN ENTO,                                No.  2:13-cv-2107 KJN P

12                    Plaintiff,

13            v.                                       ORDER

14     COUNTY OF SACRAMENTO, et al.,

15                    Defendants.

16

17            Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to

18     42 U.S.C. § 1983, and is proceeding in forma pauperis.  This proceeding was referred to this court

19     pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff's amended complaint is now

20     before the court.

21            The court is required to screen complaints brought by prisoners seeking relief against a

22     governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23     court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24     "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25     monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

26            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

27     Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

28     Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

3    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

4    Cir. 1989); Franklin, 745 F.2d at 1227.

5           A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

6    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

7    support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

8    U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

9    Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

10   this standard, the court must accept as true the allegations of the complaint in question, Hospital

11   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

12   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

13   McKeithen, 395 U.S. 411, 421 (1969).

14          The Civil Rights Act under which this action was filed provides as follows:

15                 Every person who, under color of [state law] . . . subjects, or causes
                   to be subjected, any citizen of the United States . . . to the
16                 deprivation of any rights, privileges, or immunities secured by the
                   Constitution . . . shall be liable to the party injured in an action at
17                 law, suit in equity, or other proper proceeding for redress.

18   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

19   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

20   Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

21   liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

22   affirmative link between the incidents of police misconduct and the adoption of any plan or policy

23   demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

24   to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

25   affirmative act, participates in another's affirmative acts or omits to perform an act which he is

26   legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy,

27   588 F.2d 740, 743 (9th Cir. 1978).

28   ////

1      Supervisory personnel are generally not liable under § 1983 for the actions of their

2  employees under a theory of respondeat superior and, therefore, when a named defendant holds a

3  supervisorial position, the causal link between him and the claimed constitutional violation must

4  be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability

5  where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th

6  Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442

7  U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official

8  personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266,

9  268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is

10  insufficient).

11      In the defendant portion of the amended complaint, plaintiff crossed out "Sacramento

12  Co[unty]" and wrote "Cameron Ento" and "C.D.E.," but does not explain what "C.D.E." means.

13  Plaintiff includes a list of names as additional defendants, but does not identify who the

14  individuals are, so the court cannot determine whether each named defendant acted under color of

15  state law.  Otherwise, plaintiff's three page amended complaint is virtually identical to his

16  original complaint, again alleging that the county "tried to assassinate & murder members of [his]

17  family through govt. entities, force & secure facilities every member has been set up for jail time,

18  murder, . . . attacked, or almost murdered, and murdered."  (ECF No. 13 at 3.)  As plaintiff was

19  informed in the court's prior order, plaintiff lacks standing to pursue claims on behalf of other

20  individuals.  (ECF No. 8 at 3.)

21      The court finds the allegations in plaintiff's amended complaint so vague and conclusory

22  that it is unable to determine whether the current action is frivolous or fails to state a claim for

23  relief.  The court has determined that the amended complaint does not contain a short and plain

24  statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

25  pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

26  succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

27  allege with at least some degree of particularity overt acts which defendants engaged in that

28  support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

3

R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is cautioned that if he submits a second amended complaint that simply re-alleges the same claim alleged in his original complaint, the court will dismiss the second amended complaint for failing to state a cognizable civil rights claim.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's amended complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff

1    must file an original and two copies of the second amended complaint; failure to file a second

2    amended complaint in accordance with this order will result in a recommendation that this action

3    be dismissed.

4    Dated:  February 7, 2014

5

6    /ento2107.14amd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28