UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTIAN ENTO,

    Plaintiff,

    v.

SACRAMENTO COUNTY, et al.,

    Defendants.

No. 2:13-cv-2107 KJN P

ORDER

    Plaintiff is a former county jail inmate, proceeding in forma pauperis. On February 14, 2014, plaintiff filed his second amended complaint pursuant to 42 U.S.C. § 1983. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

    A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 129 S. Ct. at 1949 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978);

1    Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992).  "Because vicarious liability is

2    inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant,

3    through the official's own individual actions, has violated the Constitution."  Iqbal, 129 S. Ct. at

4    1948.

5         Despite this court's prior warnings, plaintiff has again alleged that the "county has tried

6    repeatedly to assassinate and murder members of [his] family."  (ECF No. 15 at 4.)  Although

7    plaintiff has now identified the named defendants, many of whom are his family members,

8    plaintiff fails to allege a cognizable civil rights claim.[1]  By order filed February 7, 2014, plaintiff

9    was cautioned that if he simply re-alleged the same claim contained in his original complaint, the

10   court would dismiss the second amended complaint for failing to state a cognizable civil rights

11   claim.  Plaintiff has been provided two opportunities to amend his complaint to set forth specific

12   facts alleging violations of his constitutional rights or federal law.  Plaintiff has failed to do so.

13        Accordingly, IT IS HEREBY ORDERED that plaintiff's second amended complaint is

14   dismissed for failure to state a claim.  The Clerk of the Court shall close this action.

15   Dated:  March 25, 2014

17   ento2107.dm

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff claims he is "pressing charges on the county due to the fact several defendants were attempted to be assassinated, murdered." (ECF No. 15 at 5.)  To the extent plaintiff is attempting to pursue murder or attempted murder charges, his efforts are unavailing by this action.  When a criminal statute is violated, the question of whether to prosecute and what criminal charges to file or bring are decisions that generally rest in the discretion of the prosecutor, not the Court.  United States v. Batchelder, 442 U.S. 114, 124 (1979); see Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375 (2d Cir. 1973) (prosecution of state officials for alleged violation of inmates' federal civil rights is for discretion of U.S. Attorney).  Criminal statutes generally do not provide a private cause of action or a basis for civil liability.  See, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form basis for civil suit); Pawelek v. Paramount Studios Corp., 571 F.Supp. 1082, 1083 (N.D. Ill. 1983) (no private cause of action inherent in federal criminal statutes defining civil rights violations).  Plaintiff fails to state any cognizable claims based on defendants' alleged violation of California criminal statutes.